# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>EMMANUEL PACHECO-ALICEA,<br><br>    Defendant. | Case No. 3:20-cr-00071-SLG |

## ORDER REGARDING MOTION TO MODIFY SUPERVISED RELEASE

Before the Court at Docket 25 is defendant Emmanuel Pacheco-Alicea's Motion for Modification of Condition of Supervised Release. The Government did not file a response. The U.S. Probation Office filed a sealed memorandum at Docket 29. No hearing has been requested, and Federal Rule of Criminal Procedure 32.1(c) does not require a hearing because the relief sought is favorable to Mr. Pacheco-Alicea and the government did not file an objection.

At a hearing in October 2021, the Court revoked Mr. Pacheco-Alicea's supervised release and sentenced him to three months in custody followed by a new 15-year term of supervised release.[1] As recommended by the U.S. Probation Office,[2] the Court imposed a special condition requiring no contact with minors

---

[1] Docket 21.

[2] Docket 19 at 5, ¶ 6 (under seal).

without prior permission of the probation officer.[3] The Court did not make special findings related to the no-contact condition, and it does not appear that Mr. Pacheco-Alicea objected to the no-contact condition when this Court imposed it, nor did he file a notice of appeal related to the special condition.

The no-contact condition specifically requires that Mr. Pacheco-Alicea "have no contact with the victim and/or any person under the age of 18 years without adult supervision, including his/her own minor children, nor attempt contact except under circumstances approved in advance and in writing by the probation officer in consultation with the defendant's treatment provider."[4] Mr. Pacheco-Alicea seeks to modify this condition so that he "be allowed to have in person contact with his biological minor son N.A.D. as well as [his girlfriend's] daughter A.S.D."[5]

A court may modify the conditions of supervised release after considering certain 18 U.S.C. § 3553(a) factors.[6] And "when a supervised release condition targets a defendant's right to associate with an intimate family member, the district court must 'undertake an individualized review' on the record of the relationship between the defendant and the family member at issue to determine whether the

---

[3] Docket 21 at 5. The condition had originally been imposed when Mr. Pacheco-Alicea was sentenced in the District of Puerto Rico. Docket 1-2 at 4.

[4] Docket 21 at 5, ¶ 6.

[5] Docket 25 at 5. Mr. Pacheco-Alicea misstates the special condition in his motion. *Compare* Docket 25 at 4 *with* Docket 21 at 5, ¶ 6.

[6] 18 U.S.C. § 3583(e)(2) (requiring a court to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)").

Case No. 3:20-cr-00071-SLG, *United States v. Pacheco-Alicea*
Order Re Motion to Modify Supervised Release
Page 2 of 9
Case 3:20-cr-00071-SLG   Document 30   Filed 01/24/22   Page 2 of 9

restriction is necessary to accomplish the goals of deterrence, protection of the public, or rehabilitation."[7]

## I. Sexual relationships with minors

In 2001, Mr. Pacheco-Alicea was convicted of Sexual Abuse of a Minor in the Second Degree in the State of Alaska. The conviction stemmed from Mr. Pacheco-Alicea, "while a lead volunteer staff facilitator at the Boy and Girls Club, repeatedly engag[ing] in sexual relations with a 14-year old girl who was a patron of the Boys and Girls Club" when he was approximately age 26.[8] In that case, Mr. Pacheco-Alicea's supervision was revoked five times in two years, including for living with a minor without permission.[9] Mr. Pacheco-Alicea had previously impregnated a 15-year-old girl when he was 19.[10] He had also engaged in a sexual relationship with another girl under the age of 16 when he was 20.[11]

After failing to complete sex-offender treatment twice, Mr. Pacheco-Alicea completed a sex-offender treatment program in 2017 and completed a maintenance sex-offender treatment program in 2019.[12] A 2015 evaluation

---

[7] *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (quoting *United States v. Napulou*, 593 F.3d 1041, 1047 (9th Cir. 2010)).

[8] Docket 29 at 1 (under seal).

[9] Docket 19 at 2–3 (under seal).

[10] Docket 29 at 2.

[11] Docket 29 at 2.

[12] Docket 29 at 2.

Case No. 3:20-cr-00071-SLG, *United States v. Pacheco-Alicea*
Order Re Motion to Modify Supervised Release
Page 3 of 9
Case 3:20-cr-00071-SLG   Document 30   Filed 01/24/22   Page 3 of 9

indicated that Mr. Pacheco-Alicea was at a high risk of sexually reoffending within ten years.[13] Recently, Mr. Pacheco-Alicea "reported to his probation officer that he tended to seek out contact with teenage girls when he experienced problems in relationships."[14]

## II. Failing to register as a sex offender

In 2010, Mr. Pacheco-Alicea was convicted of Failure to Register as a Sex Offender.[15] Soon after being released from custody, Mr. Pacheco-Alicea moved to Puerto Rico and again failed to register as a sex offender. Mr. Pacheco-Alicea lived in Puerto Rico for over two years before being located and arrested.[16] In 2014, Mr. Pacheco-Alicea was convicted in the District of Puerto Rico for Failure to Register as a Sex Offender.[17] He has been supervised in the District of Alaska since 2020.[18]

## III. Lying about contact with minors

In December 2020, Mr. Pacheco-Alicea first disclosed to his probation officer that he had an 18-month-old son with his girlfriend (he had also failed to disclose

---

[13] Docket 29 at 2.

[14] Docket 29 at 3.

[15] Docket 29 at 1.

[16] Docket 29 at 1.

[17] Docket 1-2 at 1.

[18] Docket 29 at 1; Docket 57 (Transfer of Jurisdiction).

Case No. 3:20-cr-00071-SLG, *United States v. Pacheco-Alicea*
Order Re Motion to Modify Supervised Release
Page 4 of 9
Case 3:20-cr-00071-SLG   Document 30   Filed 01/24/22   Page 4 of 9

his relationship with the woman).[19] He had hidden the existence of the son from the probation officer because he did not think the probation officer would allow him to have contact.[20] The probation officer warned Mr. Pacheco-Alicea "that his unauthorized contact with minor[s] and dishonesty about the existence of his baby constitute violations of his conditions."[21] Mr. Pacheco-Alicea was told that he was not to have any unapproved contact with the baby or with his girlfriend's five-year-old daughter.[22] However, in July 2021, Mr. Pacheco-Alicea "admitted having ongoing, unauthorized, in-person contact with his two-year-old son."[23] The U.S. Probation Office determined that Mr. Pacheco-Alicea had access to other minors as well.[24] In October 2021, this Court revoked Mr. Pacheco-Alicea's supervised release for having unauthorized contact with his son and imposed a three-month

---

[19] Docket 29 at 3.

[20] Docket 29 at 3; Docket 19 at 1 (under seal).

[21] Docket 29 at 3.

[22] Docket 29 at 3.

[23] Docket 29 at 3.

[24] Docket 19 at 2.

Case No. 3:20-cr-00071-SLG, *United States v. Pacheco-Alicea*
Order Re Motion to Modify Supervised Release
Page 5 of 9
Case 3:20-cr-00071-SLG   Document 30   Filed 01/24/22   Page 5 of 9

term of imprisonment followed by a new 15-year supervised release term, which includes the no-contact condition at issue here.[25]

## IV. Analysis

The current supervised release condition does not prevent Mr. Pacheco-Alicea from ever having contact with his son or with his girlfriend's daughter.[26] Instead, it requires him to first get the approval of his probation officer and requires the contact to be supervised by another adult.[27] The U.S. Probation Office has determined that Mr. Pacheco-Alicea poses "an inherent risk of harm to children with whom he may have contact."[28] The Probation Office expressed concern about Mr. Pacheco-Alicea's recent willingness to lie about his contact with minors, including contact with the two minors addressed in his motion, particularly after he had completed sex offender treatment.[29] The Probation Office also determined that Mr. Pacheco-Alicea engaged in "a long-term pattern of pervasive noncompliance and flagrant disregard for the directives of both U.S. Probation and the Court."[30] The Court agrees with the concerns of the Probation Office and finds

---

[25] Docket 21.

[26] His girlfriend, Porsche Dozier, has an adult son, a 12-year-old daughter, and a six-year-old daughter. Mr. Pacheco-Alicea only seeks to have contact with the six-year-old girl.

[27] Docket 21 at 5, ¶ 6.

[28] Docket 29 at 4.

[29] Docket 19 at 2.

[30] Docket 19 at 2.

Case No. 3:20-cr-00071-SLG, *United States v. Pacheco-Alicea*
Order Re Motion to Modify Supervised Release
Page 6 of 9
Case 3:20-cr-00071-SLG    Document 30    Filed 01/24/22    Page 6 of 9

that Mr. Pacheco-Alicea cannot be trusted to be truthful about his contact with minors, including his son and his girlfriend's daughter.

As to Mr. Pacheco-Alicea's own son, it is difficult to determine the extent of their relationship because Mr. Pacheco-Alicea has been dishonest about the extent of his contact with his son.[31] However, there is no evidence in the record that Mr. Pacheco-Alicea has any sexual attraction to underage males or that any of his victims were family members, although he has disclosed hugging a 17-year old female cousin in 2018.[32] Nevertheless, Mr. Pacheco-Alicea's decision to lie for up to 18 months about both the existence of his son and his ongoing unauthorized contact with him demonstrates that Mr. Pacheco-Alicea is willing to violate Court orders and to deceive his probation officer. The Court finds that requiring Mr. Pacheco-Alicea to have prior permission before having contact with his son is necessary to afford adequate deterrence to criminal conduct (including further violations of supervised release) and that the condition will increase Mr. Pacheco-Alicea's chances of rehabilitation by requiring him to be honest about his contact with minors. The Court also finds that the special condition causes "no greater

---

[31] Mr. Pacheco-Alicea has four other children from previous relationships but does not seek to modify the no-contact condition as to them. He has presented no evidence that he has any relationship with those children or about the extent of his relationship with the two-year-old son at issue here. *See Wolf Child*, 699 F.3d at 1092, n.2 (considering evidence that Wolf Child was involved in the lives of all of his children and had "demonstrate[d] a full commitment to the responsibilities of parenthood by coming forward to participate in the rearing of his child") (quoting *Lehr v. Robertson*, 463 U.S. 248, 261 (1983)).

[32] Docket 29 at 2.

Case No. 3:20-cr-00071-SLG, *United States v. Pacheco-Alicea*
Order Re Motion to Modify Supervised Release
Page 7 of 9
Case 3:20-cr-00071-SLG   Document 30   Filed 01/24/22   Page 7 of 9

deprivation of liberty than reasonably necessary"[33]: The condition does not unreasonably interfere with the parent-child relationship because Mr. Pacheco-Alicea must only get permission from his probation officer before having contact with his minor son. The child and the government have an interest in the probation officer having an opportunity to both assess the risk to the child based on the specific circumstances of the proposed contact and assess Mr. Pacheco-Alicea's truthfulness and compliance with supervised release terms which he has repeatedly violated. And in the event the defendant and the probation officer are unable to reach an agreement in this regard, Mr. Pacheco-Alicea may obtain a hearing to modify the condition so as to permit contact with appropriate safeguards.

As to Mr. Pacheco-Alicea's girlfriend's six-year-old daughter, she is not Mr. Pacheco-Alicea's child or stepchild and his liberty interest in contact with her is considerably less pronounced. His history of repeated sexual contact with underage girls and his lengthy deception about contact with minors—even after completing sex offender treatment—presents a risk to the six-year-old girl, an impediment to deterrence and rehabilitation, and a barrier to effective supervision

---

[33] *United States v. Wolf Child*, 699 F.3d 1082, 1087 (9th Cir. 2012).

that outweighs Mr. Pacheco-Alicea's interest in having contact with this child without prior approval of the probation officer.

Here, the Court finds that the nature and circumstances of the offense and the history and characteristics of the defendant do not support the requested modification of supervised release. Mr. Pacheco-Alicea has demonstrated a history of engaging in sexual relationships with minor girls, repeatedly failing to register as a sex offender, and has a lengthy history of dishonesty about both the existence of his son and his unauthorized contact with his son. The Court finds that modification of the no-contact with minors condition to allow unrestricted contact with Mr. Pacheco-Alicea's two-year old son and his girlfriend's six-year old daughter is not warranted and is consistent with the applicable subsections of 18 U.S.C. § 3553(a).

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the motion at Docket 25 is DENIED.

DATED this 24th day of January, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cr-00071-SLG, *United States v. Pacheco-Alicea*
Order Re Motion to Modify Supervised Release
Page 9 of 9
Case 3:20-cr-00071-SLG   Document 30   Filed 01/24/22   Page 9 of 9